

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 3:06-CV-1883-K |
| AMT CAPITAL, LTD., | § | 8:06CV753 |
| | § | |
| Defendant. | § | |

## CONSENT ORDER

Before this Court is the Application by the United States of America, on behalf of the United States Small Business Administration (SBA), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for AMT Capital, Ltd., a Texas limited partnership (AMT). The Court, being fully advised on the merits and having been informed that AMT has consented to the relief requested in the motion, hereby **ORDERS, DECREES AND ADJUDGES**:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court hereby assumes exclusive jurisdiction of AMT, and all of its assets, wherever located, and hereby appoints SBA as receiver (Receiver) of AMT to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of AMT's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of AMT under applicable state and federal law and by the Certificate of Limited Partnership Agreement and Limited Partnership Agreement, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. §754. The general partners, managers, directors, officers, employees, and agents of AMT are hereby dismissed. Such persons shall have no authority with respect to AMT's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of AMT and shall pursue and preserve all of its claims.

3.  The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys, and employees of AMT, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts, and all other instruments and papers of said partnership, and all other assets and property of the partnership, whether real or personal, upon receipt of instructions from the Receiver regarding the time and place of such production. AMT shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of AMT as well as the names, addresses, and amounts of claims of all known creditors of AMT. All persons having control, custody, or possession of any assets or property of AMT,

including AMT's former general partner and former management company, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors, and agents of AMT. All persons and entities owing any obligations or debts to AMT shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if AMT had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of AMT, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.  AMT's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, AMT's portfolio of small business concerns and banks or other financial institutions doing business with AMT and/or AMT's portfolio of small business concerns) shall answer to the Receiver under oath, pursuant to a Receiver's Notice or Subpoena, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to AMT. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property, or business assets of AMT, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to AMT, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents and submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.  The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy, or foreclosure actions, default proceedings, or any other proceedings involving AMT or any

assets of AMT, involving AMT or its present or past officers, directors, managers, or general partners, or the Receiver, which parties have sued or have been sued for, or in connection with, any action taken by AMT's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of AMT, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings, wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding involving AMT or any of its assets, or any action of any nature taken by AMT's present or past officers, directors, managers, or general partners, which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. AMT and its past and/or present directors, officers, managers, general partners, agents, employees, and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions, or causing any such action to be taken, which would dissipate the assets and property of

AMT to the detriment of the Receiver appointed in this cause, including but not limited to, destruction of partnership records, or which would violate Part A of Subchapter III of Chapter 14B the Small Business Investment Act of 1958, as amended, (SBIA), 15 U.S.C. Chapter 14B, Subchapter III, Part A, or the regulations promulgated thereunder, (Regulations), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of AMT, from SBA, up to $1,000,000.00, and is authorized to cause AMT to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent *per annum* and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of AMT, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including, without limitation, any claims of equity holders in AMT.

11. This Court determines and adjudicates that AMT has violated the capital impairment provisions of the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that AMT's license as an SBIC be revoked.

12. SBA is further entitled to a judgment against AMT in the total sum of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest

in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 thereafter.

SO ORDERED this 28th day of November 2006.

UNITED STATES DISTRICT JUDGE
ED KINKEADE

AGREED:

UNITED STATES OF AMERICA
By and through its attorneys
RICHARD B. ROPER
UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
Tx Bar No. 13638020
1100 Commerce Street, Suite 300
Dallas, Texas 75242
214.659.8600
214.767.2916 (fax)
katherine.mcgovern@usdoj.gov

Attorneys for the United States on behalf of the Small Business Administration

AMT CAPITAL, LTD.
By and through its attorneys
THOMPSON & KNIGHT LLP

JOHN S. BRANNON, ESQ.
THOMPSON & KNIGHT LLP
TX Bar No. 02895500
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
214.969.1505
214.999.1608
john.brannon@tklaw.com

Attorneys for Defendant,
AMT Capital, Ltd.